**William D. SELLERS, Jr., and Virginia F. Sellers, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 78–1794.**

United States Court of Appeals, Fifth Circuit.

April 23, 1980.

---

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Act. Chief, Jonathan S. Cohen, Richard Farber, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellant.

Lange, Simpson, Robinson & Somerville, John E. Grenier, Birmingham, Ala., for plaintiffs-appellees.

Before THORNBERRY, GODBOLD and TATE, Circuit Judges.

TATE, Circuit Judge:

Three of the issues in this taxpayers' tax-refund suit and the facts relating thereto are identical to those in another appeal arising out of a suit by another taxpayer involving the same transactions. *General Housewares Corporation v. United States,* 615 F.2d 1056. The issues common to both suits are decided by the opinion in that appeal.

In the present opinion, we will note briefly our reasons for affirming the district court's decision in favor of the present taxpayers on the only issue not common to both suits. *Sellers v. United States,* 76–2 U.S.T.C. ¶ 9706 (N.D.Ala.1976). The issue concerns the tax consequences of the transfer to the taxpayer William Sellers on February 3, 1969, of one-third of the stock of the Olivier Corporation, with a fair market value of over one million dollars, for a purported consideration of some sixteen thousand dollars. The government contends that the excess of the fair market value of the stock over the "option" price paid constituted ordinary income as gain realized through exercise of a nonstatutory stock option as compensation for services rendered or to be rendered. Treas.Reg., §§ 1.61–15 and 1.431–6 (1954). The district court analyzed the legal documents and the surrounding factual circumstances, as corroborated by the uniform deposition testimony of the parties as to their subjective intent, and concluded that, although the agreement characterized Sellers' right to acquire the stock as an "option," Sellers in fact had owned a one-third equity interest in Olivier and its predecessor corporation since December, 1966. The court therefore held that the effect of the February 3, 1969 transaction was only to place record title in Sellers' name of the equity interest he had owned since December, 1966. Accordingly, the district court rejected the government's contention that the 1969 stock transfer was a taxable transfer.

We agree with the analysis of the district court and adopt its opinion as our own. We should note that, on appeal, the government contends that, contrary to *Deshotels v. United States,* 450 F.2d 961 (5th Cir. 1971), the trial court accepted self-serving parol testimony of parties to an instrument to vary its unambiguous terms and, so, escape

tax liability otherwise imposable. While the contention is forceful, we are unpersuaded by it, because the surrounding factual circumstances provide substantial corroborating evidence that supports the district court's conclusion of the nature of the agreement, as do the terms of the "option" agreement itself: Sellers was not merely given an "option" to purchase the one-third interest, he was in addition obligated upon request of the co-owners to buy *all* the corporation stock and to reimburse the co-owners for any actual costs incurred by them upon their request. Construing the entire agreement and the surrounding circumstances, this facet of the agreement corroborates a factual construction of the transaction as a joint investment by Sellers and the two other participants in the agreement, motivated and underwritten by Sellers.

In the companion appeal in *Geñeral Housewares v. United States* we affirm the district court's decision of the issues in the present case (I and II in the cited opinion), but we reverse its determination (issue III) that the cash "boot" distribution of some $32,667.76 to Sellers was taxable as ordinary income as having "the effect of a distribution of a dividend" under IRC Section 356(a)(2).

The judgment of the district court is therefore REVERSED AND REMANDED as to the portion of the refund attributable to the capital-gains characterization of the "boot" distribution. The judgment is otherwise AFFIRMED.